Case 5:20-cv-00050   Document 10   Filed on 08/28/20 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BOBBY L. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 5:20-CV-50 |
| VS. | § | |
| | § | |
| APEX TRANSIT LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case arises from a multi-vehicle accident involving Plaintiff Bobby L. Williams and an 18-wheeler owned by Defendant Apex Transit LLC. (Dkt. 1.) Parties dispute whether venue is proper in the Laredo Division; whether the Houston Division is "clearly more convenient" than the Laredo Division, *see In re Volkswagen of Am., Inc*. (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc); and whether Miguel Guerrero Torres, the driver of Defendant's 18-wheeler, is a required party. For the reasons stated below, the Court finds that (1) venue is proper in the Laredo Division; (2) Defendant fails to demonstrate that the Houston Division is clearly a more convenient venue; and (3) Torres is not a required party. Accordingly, Defendant's "Motion to Dismiss for Improper Venue, and in the alternative, Motion to Transfer Venue" (Dkt. 3) and "Motion to Dismiss for Failure to Join a Required Party" (Dkt. 6), should be denied.

### Background

Plaintiff is a citizen in the State of Texas. (Dkt. 1 at 1.) Defendant is a limited liability corporation incorporated under North Carolina state law and a "motor carrier" as defined by the Federal Motor Carrier Safety Regulations. (*See* Dkt. 1 at 1, 11; Dkt. 4 at 1, 4.)[1]

---

[1] Defendant concedes that it qualifies as a "motor carrier" under the Federal Motor Carrier Safety Regulations. (*See* Dkt. 1 at 11; Dkt. 4 at 4.)

On May 16, 2019, Torres, Defendant's contract-driver, was to drive an 18-wheeler commercial vehicle owned by Defendant from Laredo, Texas, to North Carolina. (Dkt. 1 at 2–4, 8.) Before the trip, a pre-trip inspection either did not occur or did not occur properly at Defendant's leased facility in Laredo, Texas. (*Id.* at 2.) After Torres departed Defendant's facility to start the multistate trip, the front left tire of Defendant's vehicle blew out in Colorado County, Texas and caused Defendant's vehicle to collide with a highway "cable barrier system, a light pole and a guard rail." (*Id.* at 2–3, 10.) Plaintiff alleges that airborne debris from the blowout and collision struck Plaintiff's vehicle, causing it to collide with a third vehicle. (*Id.* at 11.) Plaintiff further asserts that slick tires affixed to Defendant's vehicle were the "sole cause" of this accident, and that Defendant was negligent because "Defendant's 18 wheeler truck driver employee failed to inspect or properly inspect the front left tire on the Defendant's truck while the truck was located at Defendant's facility in Laredo, Texas and before he started a multi-state trip back to North Carolina." (*Id.* at 2.) Plaintiff seeks to recover for injuries and damages resulting from the accident. (*Id.* at 18.)

On April 1, 2020, Plaintiff filed suit against Defendant. (Dkt. 1.) On May 7, 2020, Defendant moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, to transfer the case to the Houston Division pursuant to 28 U.S.C. § 1404(a). (Dkt. 3.) On May 28, 2020, Defendant filed a second motion to dismiss, this time for failure to join a required party pursuant to Federal Rule of Civil Procedure 12(b)(7). (Dkt. 6.) These motions (Dkts. 3, 6) are now pending before the Court.

## Legal Standards

**A.     Motion to Dismiss for Improper Venue**

If suit is brought in an improper venue, a court may dismiss it or, in the interest of justice, transfer the case to a district where suit could have been brought. 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3) (permitting dismissal for improper venue). The decision to dismiss or transfer a case under § 1406(a) lies within a court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC,* 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012) (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)). The plaintiff bears the burden of proof to establish that venue is proper in a district when a defendant challenges venue on a Rule 12(b)(3) motion to dismiss. *Uviado, LLC ex rel. Khan v. U.S. ex rel. IRS*, 755 F. Supp. 2d 767, 779 n.7 (S.D. Tex. 2012) (recognizing a split among district courts in the Fifth Circuit in allocating the burden of proof but noting that the overwhelming majority impose the burden on the party asserting propriety of venue); Fed. R. Civ. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615 (5th Cir. 2007) (per curiam) (citations omitted); Fed. R. Civ. P. 12(b)(3). Thus, a plaintiff may show that venue is proper by "setting forth facts that taken as true would establish venue." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

In a diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2)." "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, [and is] determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Daniel v. Am. Bd. of Emergency*

*Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005). Moreover, "the chosen venue does not have to be the place where the most relevant events took place." *McClintock v. Sch. Bd. of Educ. Feliciana Par.*, 299 F. App'x. 363, 365 (5th Cir. 2008). Rather, venue is proper in any district where a "substantial" part of the events or omissions giving rise to the claim occurred. *Id.* Because substantial events may occur in multiple districts, "venue may be properly laid in more than one district." *VP, LLC v. Newmar Corp.*, 2012 WL 6201828, at *9 (E.D. La. Dec. 12, 2012). The "substantial part of the events or omissions test does not require that the chosen venue be the best venue." *Id*.

**B.     Motion to Transfer Venue**

A court may transfer an action to any other proper judicial district "[f]or the convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C § 1404(a). By adopting this broad standard, Congress intended to "place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988). The moving party must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. A moving party shows good cause by demonstrating that transferee venue is "clearly more convenient"; otherwise, a plaintiff's choice of venue must be respected. *Id.* The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *Id.* at 311.

Under 28 U.S.C. § 1404, a court should determine the preliminary question of whether the suit could have been filed in the proposed division. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If so, a court must then balance the private interests of the litigants and the public's interest in the fair and efficient administration of justice to determine whether a § 1404(a) venue transfer is for the convenience of parties and in the interest of justice.

*Volkswagen II*, 545 F.3d at 315.

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* None of these factors is dispositive. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

C.  **Motion to Dismiss for Failure to Join a Required Party**

Federal Rule of Civil Procedure 19 establishes a two-step inquiry for determining whether to dismiss a case for failure to join an indispensable party. *See* Fed. R. Civ. P. 19(a)–(b). First, a district court must determine whether a party's presence is "required" or "necessary" under Rule 19(a), which states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If a necessary party cannot be joined without destroying subject-matter jurisdiction, a

court must then determine whether litigation can be properly pursued without the absent party. *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009). The factors that a court considers when making this determination are listed in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept the [complaint's] allegations as true." *United States v. Rutherford Oil Corp.*, 2009 WL 1351794, at *2 (S.D. Tex. May 13, 2009) (citing *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001)). Initially, the burden of proof rests on the moving defendant to demonstrate "that an absent party is indispensable and that the action should be dismissed." *SMI–Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 199 F.R.D. 209, 211 (S.D. Tex. 2001). Yet "after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628.

## Discussion

### A.     Laredo has a substantial connection to the claim

Parties dispute whether venue is proper in the Laredo Division. Defendant argues that Laredo is an improper venue because the accident occurred in the Houston Division. (Dkt. 3 at 2–3.) Further, Defendant contests Plaintiff's allegations that the accident was the result of a failure to inspect or properly inspect the tire. (*Id.*) According to Defendant, Torres's negligent

operation of a motor vehicle and the resulting accident in the Houston Division are the only substantial events that give rise to Plaintiff's injuries. (*Id.*) Defendant therefore argues that the Houston Division is the only division in which a "substantial part of the events giving rise to the claim" occurred and the only proper venue. (*Id.* at 3–4.)

By contrast, Plaintiff argues that the accident resulted from Torres's failure to inspect or properly inspect his vehicle's tire in Laredo, Texas. (Dkt. 1 at 2.) In other words, Plaintiff claims that Torres's failure to inspect or properly inspect the tire is a "substantial event or omission giving rise to" his injury, and that venue is therefore proper in Laredo. (Dkt. 5 at 2.)

The Court agrees with Plaintiff and finds that venue is proper in the Laredo Division. Although Defendant disputes the cause of the collision, the Court is required to accept Plaintiff's allegations as true and resolve all factual conflicts in favor of the Plaintiff when analyzing a Rule 12(b)(3) motion to dismiss for improper venue. *Braspetro Oil Co.*, 240 F. App'x. at 615. In this case, that means the Court must accept Plaintiff's allegations that (1) Torres failed to properly inspect his vehicle's tire in Laredo, Texas, [2] (2) the tire blew out due to its poor condition, (3) an inspection would have revealed the tire's poor condition, and (4) debris from the tire blowout and Torres's collision struck Plaintiff's vehicle, causing Plaintiff to collide with a third vehicle. (*See* Dkt. 1 at 2, 5–11.). Because these allegations, when read together, allow the Court to infer that the failure of Defendant's driver to inspect the truck's tires was a "substantial event" leading

---

[2] The Court notes that it considered the documents Defendant attached to its Motion to Dismiss (Dk. 3), including the "Vehicle Inspection Report" (Dkt. 3, Ex. 5). *See generally Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotations omitted) (noting that "the court is permitted to look at evidence in the record" when addressing a motion to dismiss for improper venue). While the report (Dkt. 3, Ex. 5) casts some doubt on Plaintiff's assertion that no pre-trip inspection occurred (*see* Dkt. 1 at 2), the existence of the report is not inconsistent with the occurrence of an improper inspection. (*Id.*; Dkt. 5 at 2.) *See also Braspetro Oil Co.*, 240 F. App'x. at 615 (requiring the court to resolve factual conflicts in favor of non-moving party). Accordingly, the existence of this report does not alter the Court's analysis of Defendant's motion to dismiss for improper venue (Dkt. 3).

to Plaintiff's injuries, the Court finds that venue is proper in the Laredo Division. *See Hammers v. Mayea-Chang*, 2019 WL 6728446, at *4 (E.D. Tex. 2019) ("[T]he court . . . must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party").

Defendant's arguments do not alter the Court's position on this matter. The crux of Defendant's argument is that venue is proper only where the accident and negligent operation of Defendant's vehicle occurred. (Dkt. 3 at 3–4.) Although the Court agrees that the accident itself is a "substantial part of the events giving rise to this claim" and that the Houston Division is *a* proper venue, Defendant fails to acknowledge that venue may be proper in multiple divisions. *See VP, LLC.,* 2012 WL 6201828, at *9. Simply put, the mere fact that venue is also proper in the Houston Division does not prevent Plaintiff from laying venue in the Laredo Division. *See id.* Accordingly, the Court finds that venue is proper in the Laredo Division.

**B.      Defendant fails to show that the Houston Division is "clearly more convenient"**

Because the Court finds that venue is proper in Laredo, the Court must now determine whether transfer to the Houston Division is convenient for Parties and is in the interest of justice. *See Volkswagen II*, 545 F.3d at 315. As explained above, transfer is appropriate only if Defendant demonstrates that the Houston Division is "clearly more convenient" than the Laredo Division. *See Volkswagen I*, 371 F.3d at 203; *Volkswagen II*, 545 F.3d at 315. Defendant urges the Court to find that transfer to the Houston Division is "clearly more convenient" because it reduces travelling distance for Defendant, its counsel, the Texas Department of Public Safety (DPS) Officer who investigated the accident, and any other witnesses and drivers who may live closer to the Houston Division. (Dkt. 3 at 5.) Defendant also contends that the Laredo community has no local interest in the dispute because the accident occurred elsewhere. (*Id.* at 6–7.)

Plaintiff responds that the Houston Division is not a more convenient forum. (Dkt. 5 at 7.) First, Plaintiff appears to reject Defendant's claim that suit could have been brought in the Houston Division (despite conceding that the accident occurred in the Houston Division) and characterizes the failure to inspect or properly inspect the tire as the only substantial event or omission giving rise to the claim. (*Id.*) Additionally, Plaintiff contends that (1) accessing sources of proof would not be difficult in the Laredo Division since all proof will be exchanged electronically; (2) all required witnesses would be subject to compulsory process; (3) cost of attendance for witnesses would not be lower in the Houston Division; and (4) the Laredo Division has a localized interest in deciding the case at home. (*Id.* at 8–14.)

As a preliminary matter, the Court rejects Plaintiff's contention that the Houston Division is an improper venue. (*Id.* at 7.) It is well-settled that venue is proper in the division where an accident occurs. *See Volkswagen II*, 545 F.3d at 312 (finding suit could have been brought in division where accident occurred); *White v. Burger*, 2020 WL 1471820, at *2 (N.D. Tex. 2020) (finding venue is proper where accident occurred); *cf. Kilgore v. FedEx Packaging Systems, Inc.*, 2011 WL 5563427, at *2 (S.D. Tex. 2011) (finding venue improper where underlying negligence and resulting car accident occurred elsewhere). Despite that, the Court will proceed to analyze the private and public interest factors.

1. **Private Interest Factors**

Defendant asserts that the Houston Division is a more convenient forum for the DPS Officer (who resides in Colorado County), as well as for other witnesses who may live closer to the Houston Division than the Laredo Division. (Dkt. 3 at 6.) This argument is unavailing. Of the six witnesses Parties have identified, three live closer to the Laredo Division than the Houston Division, and one of the six resides in North Carolina, far from both proposed venues. (*See* Dkt.

5 at 9–10.) Thus, regardless of where the case is heard, venue will be convenient for half of the anticipated witnesses and inconvenient for the other half. Moreover, much of the other evidence related to Plaintiff's claim (e.g., the full crash report, photographs, and medical records) can be easily obtained electronically. (*Id.* at 10–11.) The Court therefore finds that the witness convenience factor does not weigh in favor of a transfer.

Nor do the remaining private interest factors support transfer. First, neither Party asserts an issue with the availability of compulsory process, and the Court may condition enforcement of a subpoena to any witness on the payment of that witness's travel expenses. Fed. R. Civ. P. 45(d)(3)(C); *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998) (awarding subpoenaed parties reasonable costs and expenses of complying with subpoenas). Second, because venue will be inconvenient for half of the expected fact witnesses regardless of where the case is heard, the cost of attendance of any willing witness is a neutral factor in the Court's transfer analysis. *See Bevil v. Smit Americas, Inc.*, 883 F. Supp. 168, 171 (S.D. Tex. 1995) (recognizing that a plaintiff's choice of forum is rarely the least expensive for all individuals involved). Third, Defendant's repeated assertions regarding the location of Plaintiff and Defendant's counsel are irrelevant. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"). Lastly, Defendant's unexplained, blanket assertion that the Laredo Division is inconvenient carries little weight given that Defendant continues to lease a trucking facility in Laredo. (*See* Dkt. 4 at 2.)

2. **Public Interest Factors**

The Court must also consider the local interest in the litigation, because the burden of jury duty should not be imposed on a community with no connection to the litigation. *See*

*Volkswagen I*, 371 F.3d at 206. "[T]he location of the alleged injury is an important consideration in determining how to weigh [the local interest] factor." *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)). Although the Court agrees that the Houston Division has a localized interest in deciding this case because the accident occurred there, the Court finds that the Laredo Division has an interest as well. Specifically, the Court finds that the Laredo community has an interest in ensuring that trucks which use its roads are properly inspected, and this case involves an allegedly improper inspection. *See generally Mohamed v. Mazda*, 90 F. Supp. 2d 757, 776–77 (E.D. Tex. 2000) ("[T]he location of the accident revealing the allegedly defective product is a red herring for transfer analysis cases where [p]laintiff is suing for the allegedly defective . . . product."). Moreover, the Laredo community has an interest in ensuring that vehicle inspections conducted at its trucking facilities meet state and federal safety standards. *See Carona v. Falcon Services Co.*, 68 F. Supp. 2d 783, 788 (S.D. Tex. 1999) (finding a division has more than a "passing interest" in ensuring the safety of defendant's operations although the accident occurred elsewhere). Because both divisions have a localized interest in deciding the case, the Court finds that this factor is also neutral. *See Smith v. Saetre*, 2013 WL 12124600, at *3 (S.D. Tex. 2013) (finding the local interest factor neutral where relevant events occurred in both divisions).

      The remaining public interest factors are similarly unsupportive of transfer. First, neither Party asserts—and the Court has no reason to believe—that the Laredo Division's civil docket is more congested than that of the Houston Division. Second, both courts are Texas courts who routinely apply Texas law. Finally, this case does not involve a conflict of laws or the application of foreign law.

Because Defendant fails to carry its burden to show that transfer to the Houston Division is clearly more convenient, the Court denies Defendant's alternative request to transfer venue (Dkt. 3). *See Volkswagen II*, 545 F.3d at 315.

**C.     Torres is not required for the suit to proceed**

A court must dismiss a suit for failure to join an absent party when (1) the absent party is required for the suit to proceed, (2) that party cannot be joined, and (3) the suit cannot proceed in equity and good conscience without that party. Fed. R. Civ. P. 19(a)–(b). First, Defendant alleges that Torres is a required party because he has a legally protected interest related to the subject matter of the suit. (Dkt. 6 at 2.) To support this argument, Defendant claims that it and the absent party, Torres, would be subject to multiple and inconsistent obligations because both Defendant and Torres are defending a state court suit arising from the same multi-vehicle accident. (*Id.* at 2.) Further, Defendant claims that, because it shares North Carolina citizenship with Torres, the latter is a required party who cannot be joined without destroying subject matter jurisdiction. (*Id.* at 2–3.) Finally, Defendant argues that allowing the suit to proceed without Torres would prejudice Defendant. (*Id.* at 3–4.)

In response, Plaintiff argues that Defendant waived this Rule 12 defense by failing to present it in its first motion to dismiss (Dkt. 3). (Dkt. 7 at 2.) *See* Fed. R. Civ. P. 12(g)(2) (barring a successive motion to dismiss when the motion raises a defense "available to the party but omitted from its earlier motion"). In the alternative, Plaintiff argues that Torres is not a required party because Defendant is vicariously liable for Torres's negligence as a statutory employee under the Federal Motor Carrier Safety Regulations (FMCSR). (*Id.* at 8.) Lastly, Plaintiff asserts that Torres can be joined without destroying subject-matter jurisdiction if the Court deems him a required party. (*Id.* at 9.) Because the Court finds that Torres is not a required

Party under Rule 19, the Court does not reach Plaintiff's other arguments against dismissal. *See* Fed. R. Civ. P. 19(a).

### 1. Vicarious Liability under the FMCSR

As a preliminary matter, the Court agrees with Plaintiff that Torres qualifies as Defendant's "statutory employee" for purposes of FMCSR.[3] (*See* Dkt. 7 at 8.) Under the FMCSR, a "statutory employee" is any individual hired by a "motor carrier" who directly affects motor vehicle safety in the course of his or her employment regardless of whether the individual is a direct employee, independent contractor, or owner-operator. *See* 49 C.F.R. § 390.5; *Puga v. About Thyme Transport, Inc.*, 227 F. Supp. 3d 760, 763 (S.D. Tex. 2017). Importantly, the statutory employment relationship exists—and liability attaches—"whether or not [the arrangement] is termed a lease." *Puga*, 227 F. Supp. 3d at 764.

Here, Defendant admits that it is an interstate motor carrier as defined by the FMCSR (*See* Dkt. 1 at 11; Dkt. 4 at 4), and the Court accepts as true Plaintiff's allegation that Torres was the driver of Defendant's motor vehicle. (Dkt. 1 at 7.) Accordingly, the Court finds that Torres qualifies as Defendant's "statutory employee" under the FMCSR. Defendant may therefore be held vicariously liable for torts committed by Torres while operating Defendant's vehicle in the course of his statutory employment, as well as for its own negligence.[4] *See Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 39 (Tex. App.—Fort Worth 2002); *see also Simmons v. King*, 478 F.2d 857, 867 (5th Cir. 1973).

### 2. Vicarious Liability and Joinder

---

[3] The Court takes no position on Torres's employment status under state law. *See generally Mendoza v. Hicks*, 2016 WL 915297, at * 1 (E.D. La Mar. 10, 2016) (noting that questions regarding the existence of state employment relationships are "intensely fact-driven").

[4] The Court takes no position on the merits of any tort claims against Torres or Defendant. The statements above are intended only to describe the legal relationship between Torres and Defendant and are not intended to ascribe fault to any Party.

Under Texas law, "vicarious liability is joint and several." *AAMCO Transmissions, Inc. v. Bova*, 484 S.W.3d 520, 525 (Tex. App.—Houston [1st Dist.] 2016). Consequently, if any money damages are awarded to Plaintiff, that judgment will be complete between Plaintiff and Defendant. *See James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 550–551 (S.D. Tex. 2001) (noting that complete relief can be accorded where existing party and non-party are jointly and severally liable). Therefore, the Court finds that "complete relief can be accorded" to the existing Parties and rejects Defendant's assertion to the contrary. (*See* Dkt. 6 at 2.) *See also SMI–Owen Steel Co., Inc.*, 199 F.R.D. at 211 (placing the burden of proof on the moving party to demonstrate that an absent party is necessary to ensure a "complete" judgment).

Moreover, a defendant found to be purely vicariously liable has a claim of indemnity. *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 831 (5th Cir. 1992) (citing *Aviation Office of America, Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1988)). A defendant "entitled to contribution or indemnity *cannot* be subjected to double or multiple obligations since his liability is several for the entire amount." *James*, 159 F. Supp. 2d at 552 (emphasis added). Here, it appears that Defendant would have a claim of indemnification if found to be vicariously liable for Torres's negligence, a point Defendant not only concedes but emphasizes in its Answer (Dkt, 4). (*See id.* at 7 (asserting "rights and entitlements to contributions from any other Defendants").) Accordingly, the Court finds that Defendant will not be subject to multiple or double obligations if Torres is not joined.[5]

Finally, the Defendant has identified no reason why Torres would be prejudiced were this case to proceed without him. To the contrary, the Fifth Circuit has explicitly held that "Rule 19

---

[5] The Court further notes that neither Defendant nor Torres appear likely to face a second lawsuit as a result of the present accident. The lawsuit filed against Defendant in Texas State Court was recently dismissed via a Notice of Nonsuit. (*See* Dkt. 9, Ex. 1.)

does not require joinder of principal and agent," nor "does it require joinder of persons against whom [defendants] may have a claim of contribution." *Nottingham v. Gen. Am. Comms. Corp.*, 811 F.2d 873. 880 (5th Cir. 1987); *see also Dunlop v. Beloit College*, 411 F.Supp. 398, 403 (W.D. Wis. 1976) (holding that "the possibility of [a] cause of action [for contribution] does not itself require [joinder,]" and emphasizing that "persons not party to a lawsuit are not bound by the determinations made in that lawsuit").

In summary, Defendant's vicarious liability renders Torres's joinder unnecessary because (1) the Court will be able to grant complete relief among existing parties; (2) disposing of the claim without Torres will not impair Torres's ability to protect his interests;  and (3) Defendant will not be subjected to a risk of incurring inconsistent obligations if Torres is not joined. Because the Court finds that Torres is not a required party, the Court need not proceed further.[6] Defendant's motion to dismiss for failure to join a required party (Dkt. 6) should be denied.

## Conclusion

For the foregoing reasons, the Court finds that venue is proper in the Laredo Division, and Defendant has failed to demonstrate that the Houston Division is "clearly more convenient than the venue chosen by Plaintiff." *See Volkswagen II*, 545 F.3d at 315. The Court further finds that Torres is not a required party. Accordingly, Defendant's "Motion to Dismiss for Improper Venue, and in the Alternative, Motion to Transfer Venue" (Dkt. 3) and "Motion to Dismiss Plaintiff's Suit for Failure to Join a Required Party" (Dkt. 6) are hereby DENIED.

IT IS SO ORDERED.

---

[6] Additionally, the Court need not decide whether Defendant is barred from filing this successive motion to dismiss under Federal Rule of Civil Procedure 12(g). Even assuming arguendo that Defendant is barred from filing a successive motion to dismiss, Defendant has not waived the defense of failure to join a required party *in toto*. Defendant may raise this defense as permitted in Federal Rule of Civil Procedure 12(h)(2). *See* Fed. R. Civ. P. 12(h)(2).

SIGNED this 28th day of August, 2020.

_____
Diana Saldaña
United States District Judge