UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **BOBBY L. WILLIAMS**<br>*Plaintiff,* | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | C.A. NO. 5:20-cv-50 |
| **APEX TRANSIT, LLC**<br>*Defendant.* | §<br>§<br>§<br>§ | |

### APEX TRANSIT LLC'S ORIGINAL ANSWER TO INTERVENOR ADRIAN VALENZUELA'S ORIGINAL PETITION IN INTERVENTION

COMES NOW Defendant, Apex Transit LLC (incorrectly named "Apex Transit, LLC") ("Apex" or "Defendant"), by and through its counsel of record, Linda M. Talbot and Kirk D. Willis of The Willis Law Group, and answers Adrian Valenzuela's Original Petition in Intervention filed in the United States District Court, Southern District of Texas, Laredo Division ("Intervenor's Petition") and denies all allegations not specifically admitted herein and further alleges and states as follows:

### THE PARTIES

1.  Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Intervenor's Petition and, therefore, denies the same.

2.  Apex admits that it is a North Carolina limited liability company and its attorneys of record are the undersigned counsel. The remaining allegations contained in Paragraph 2 of Intervenor's Petition contain legal conclusions to which no response is required. To the extent they contain factual allegations, Apex denies same.

## JURISDICTION AND VENUE

3.  Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Intervenor's Petition and, therefore, denies the same.

4.  Apex admits that it leases a trucking terminal facility in Laredo, Texas, but denies the remaining allegations contained in Paragraph 4 of Intervenor's Petition.

5.  Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Intervenor's Petition and, therefore, denies the same.

6.  Apex admits that the front left tire of its vehicle blew out but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Intervenor's Petition and, therefore, denies the same.

7.  Apex admits that Units 9 and 10 referenced in the crash report were owned by Defendant and operated by Miguel Guerrero Torres (incorrectly named Miguel Torres Guerrero) but denies the remaining allegations contained in Paragraph 7 of Intervenor's Petition.

8.  Apex admits that a pre-trip inspection occurs before a trip starts but denies the remaining allegations contained in Paragraph 8 of Intervenor's Petition.

9.  Apex denies that it owns a trucking terminal in Laredo, Texas but admits the remainder of the allegations contained in Paragraph 9 of Intervenor's Petition.

10. Apex denies that Miguel Guerrero Torres is its employee but admits the remainder of the allegations contained in Paragraph 10 of Intervenor's Petition.

## FACTUAL BACKGROUND

11. Apex admits the allegations contained in Paragraph 11 of Intervenor's Petition.

12. Apex admits the allegations contained in Paragraph 12 of Intervenor's Petition.

13. Apex denies that it owned a second location but admits the remaining allegations contained in Paragraph 13 of Intervenor's Petition.

14. Apex admits the allegations contained in Paragraph 14 of Intervenor's Petition.

15. Apex denies the allegations contained in Paragraph 15 of Intervenor's Petition.

16. Apex admits the allegations contained in Paragraph 16 of Intervenor's Petition.

17. Apex admits the allegations contained in Paragraph 17 of Intervenor's Petition.

18. Apex denies that it was Mr. Guerrero's employer but admits the remaining allegations contained in Paragraph 18 of Intervenor's Petition.

19. Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Intervenor's Petition and, therefore, denies the same.

20. Based upon information contained in the Texas Peace Officer's crash report, Apex admits the allegations contained in Paragraph 20 of Intervenor's Petition.

21. Apex denies the allegations contained in Paragraph 21 of Intervenor's Petition.

22. Apex denies the allegations contained in Paragraph 22 of Intervenor's Petition.

23. Apex denies that Mr. Torres lost control of Defendant's truck and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Intervenor's Petition and, therefore, denies the same.

24. Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Intervenor's Petition and, therefore, denies the same.

25. Apex lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Intervenor's Petition and, therefore, denies the same.

26. Apex admits the allegations contained in Paragraph 26 of Intervenor's Petition.

27. Apex admits the allegations contained in Paragraph 27 of Intervenor's Petition.

28. Apex denies the allegations contained in Paragraph 28 of Intervenor's Petition.

## NEGLIGENCE

29. Apex incorporates by reference Paragraphs 1 through 28, including all subparagraphs, of its Answer set forth above, as if fully set forth herein.

30. Apex denies the allegations contained in Paragraph 30 of Intervenor's Petition.

31. Apex denies the allegations contained in Paragraph 31, including all subparagraphs, of Intervenor's Petition.

32. Apex denies the allegations contained in Paragraph 32 of Intervenor's Petition.

33. Apex denies the allegations contained in Paragraph 33, including all subparagraphs, of Intervenor's Petition.

34. Apex denies the allegations contained in Paragraph 34 of Intervenor's Petition.

## JURY DEMAND

35. Apex has no objection to the request for a jury trial set forth in Paragraph 35 of Intervenor's Petition. Answering further, Apex also hereby demands a trial by jury on all issues so triable.

## DAMAGES

36. Apex denies the allegations contained in Paragraph 36 of Intervenor's Petition.

## PRAYER

37. The allegations contained in the unnumbered paragraph of Intervenor's Petition entitled "PRAYER" contain legal conclusions to which no response is required. To the extent they contain factual allegations, the same are denied. To the extent the paragraph requires a responsive prayer, Apex prays that Intervenor take nothing against it, that this action be dismissed, or that judgment be entered in favor of Apex on each and every cause of action alleged, and that Apex be

awarded its costs and expenses incurred herein, and for such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

38. Apex asserts that the occurrence in question was not caused by anything Apex did or failed to do.

39. Pleading additionally, or in the alternative, no act or omission of Apex was the proximate cause of Intervenor's alleged damages.

40. Pleading additionally, or in the alternative, Apex asserts Intervenor's damages, if any, were solely or partly the result of acts or omissions on the part of persons or entities other than Apex, who were not under the control of Apex and for whose conduct Apex bears no responsibility. Said acts or omissions intervened between the acts and omissions of Apex, if any, and the occurrence of the accident, and were the sole, direct, and proximate cause of Intervenor's damages, if any.

41. Pleading additionally, or in the alternative, at all times and in all ways pertinent to the subject matter of this lawsuit, Apex conducted its affairs in a safe and lawful manner, adhering to state and federal guidelines, laws and regulations, industry standards, rules and regulations, and accepted practices in its industry, both locally and nationally, and Apex was free from fault, negligence, gross negligence, strict liability, or any other culpable conduct.

42. Pleading additionally, or in the alternative, Apex invokes limitations on medical damages and expenses recoverable by Intervenor in a personal injury action as enumerated in Tex. Civ. Prac. & Rem. Code 41.0105, and that recovery of medical or health care expenses incurred is limited to the amount actually incurred by or on behalf of the Intervenor.

43. Pleading additionally, or in the alternative, Apex invokes Section 18.091, Tex. Civ. Prac. & Rem. Code, and requests that to the extent Intervenor seeks recovery for loss of earnings or loss of earning capacity, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.

44. Pleading additionally, or in the alternative, Apex affirmatively pleads that to the extent Intervenor has received any other settlements, or monies for the same or similar injuries and/or damages pled by Intervenor, that Defendant be provided a credit and/or offset in the amount of the monies.

45. Pleading additionally, or in the alternative, this action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit. Apex may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Apex, when compared with that of each claimant, each settling party, and each and every responsible third party, is greater than 50%.

46. Pleading additionally, or in the alternative, in the event that Intervenor settles all or part of the claims brought by Intervenor against any other party, Apex demands that the trier of fact as to each cause of action asserted shall determine a percentage of responsibility, stated in whole numbers, for each settling person, and for each other person causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard or by any combination of these. Further, Apex asserts its rights under Section 33.012 of the Texas Civil Practice & Remedies Code to the extent that if a

claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility.  Further, if the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts received by the claimants in settlement under Section 33.012(b).

47. Pleading further, and without waiver of the foregoing, Apex asserts its rights and entitlements to contribution from any other Defendants, Third-Party Defendants and responsible third parties in this case, pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code and any other remedies available under Texas Law.  Further, Apex seeks contribution and/or indemnity from all other Defendants, Third-Party Defendants and responsible third-parties whose acts or omissions were a proximate and/or producing cause or, in the alternative, the proximate and/or producing cause of Intervenor's damages, including statutory indemnity under Section 82.002 of the Texas Civil Practice & Remedies Code.

48. Apex has stated only those defenses that are applicable to Intervenor as plead in Intervenor's Petition, and only those that are known or anticipated at the time of this Answer.  Should investigation and discovery reveal additional claims, and/or the basis for additional defenses, Apex reserves its right to amend this Answer and to assert such additional defenses.

## JURY DEMAND

49. Apex hereby requests a trial by jury on all issues so triable.

Respectfully Submitted,

**THE WILLIS LAW GROUP PLLC**

<u>/s/ Linda M. Talbot</u>
Linda M. Talbot (TX Bar No. 00788504)
Kirk D. Willis (TX Bar No. 21648500)
1021 Main Street, Suite 1290
Houston, Texas 77002
Telephone: (281) 953-2222
Facsimile: (281) 953-2272
Email: ltalbot@thewillislawgroup.com
Service Email: service@thewillislawgroup.com
***Attorneys for Defendant,***
***Apex Transit LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of December 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to the following:

TERRY & THWEATT, P.C.
L. Lee Thweatt
lthweatt@terrythweatt.com
Joseph D. Terry
jterry@terrythweatt.com
One Greenway Plaza, Suite 100
Houston, Texas 77046-0102

MATTHEWS & FORESTER
Chad Matthews
cmatthews@matforlaw.com
3027 Marina Bay Drive, Suite 320
League City, TX  77573

<u>/s/ Linda M. Talbot</u>
**LINDA M. TALBOT**